UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV210-J

PAUL A. MIDDLEBROOKS     PLAINTIFF

VS.

MICHAEL J. ASTRUE,
     Commissioner of Social Security     DEFENDANT

<u>MEMORANDUM OPINION</u>

    Before the Court is the complaint of Paul Middlebrooks ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

<u>PROCEDURAL HISTORY</u>

    On January 27, 2004 Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that he became disabled as of October 1, 2002. After a hearing, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's bipolar disorder, poly-substance dependency and attention deficit disorder were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on January 14, 2009.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues[1] that the ALJ erred in rejecting the opinion of the treating mental health source and the opinion of an examining source. Dr. Ashbrook, a clinical psychologist, examined Mr. Middlebrooks in December of 2004 on referral from the Franklin County Department of Job and Family Services. Tr. 289. Although Mr. Middlebrooks reported that he had not used drugs or alcohol "in over six months," Mr. Middlebrooks testimony at other points revealed that this was an exaggeration. For example, he admitted a relapse in May of 2004, and as of January 21 – just a month after seeing Dr. Ashbrook – he admitted that he was still drinking (although not as much). Tr. 249, 289. Dr. Ashbrook identified several areas of "marked" or "extremely" limited functioning, but he also indicated that one of the tests was invalid. Tr. 302.

On April 15, 2005, Dr. Flanagan, a psychiatrist, completed a Mental Residual Functional

---

[1] The Court notes in passing for counsel's benefit that the Court's task in reviewing the arguments is facilitated when the pages of the brief are numbered, and when specific references to pages in the record are coupled with the legal arguments.

Capacity Questionnaire, and opined that Mr. Middlebrooks was "unable to meet competitive standards" in four areas, i.e., working in coordination with or proximity to others, completing a normal workday and workweek without interruptions from symptoms, accepting instructions and responding appropriately to criticism, and getting along with co-workers. Tr. 286.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. <u>Wilson</u> also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., <u>Walker v. Secretary of Health & Human Servs</u>., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record."  20 C.F.R. S 404.1527(d)(2)(1999).  In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 530 (6th Cir.1997); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347 (6th

Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

The ALJ recognized the serious limitations described by Dr. Flanagan and Dr. Ashbrook. However, he also observed that these opinions were recorded during the time period when Mr. Middlebrooks "was not fully compliant with treatment with ongoing relapses of his chemical dependency disorder," and that the substances Mr. Middlebrooks was abusing would exacerbate symptoms. Tr. 22. The ALJ pointed to Dr. Flanagan's observation that his patient "chooses to use cocaine, forgoes treatment because he wants to." Tr. 288. If there were not further evidence of record, the ALJ's assumption that symptoms were worsened by the substance abuse could be criticized as speculative. However, the ALJ further observed that by August of 2006, Mr. Middlebrooks had sustained an extended period of sobriety, and his symptoms were much improved. Tr. 311- 312. This provides support to the notion that while Mr. Middlebrooks' psychiatric condition and his substance abuse were separate problems, the drugs and alcohol exacerbated his symptoms. The Court finds no error in the ALJ's treatment of this issue.

A related argument is that the ALJ failed to include in his hypothetical questions posed to the vocational expert several of the limitations described by Dr. Flanagan. This is essentially a contention that substantial evidence failed to support the residual functional capacity identified by the ALJ. However, as noted above, sobriety brought much improvement over the limitations identified by Dr. Flanagan, and substantial evidence supports the ALJ's rejection of the limitations identified in early 2005.

4

The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See <u>Garner v. Heckler,</u> 745 F.2d 383, 387-88 (6th Cir.1984).   Whether the undersigned would have resolved issues of fact in another way is irrelevant.  The fact remains that substantial evidence supports the ALJ's determination.  Accordingly, the Commissioner's decision must be affirmed.